IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RAY ANTHONY MILES,

        Plaintiff,
vs.                              **Case No. 08-4002-RDR**

TOPEKA POLICE DEPARTMENT
and SHAWNEE COUNTY JAIL,

        Defendants.

## O R D E R

Plaintiff, proceeding pro se, has filed a lawsuit naming the Topeka Police Department and the Shawnee County Jail as defendants. Plaintiff alleges that Topeka police officers fractured his wrist while placing handcuffs on plaintiff, and that the Shawnee County Jail denied him medical treatment for this injury.

This case is now before the court upon the motions to dismiss filed on behalf of the Topeka Police Department and Shawnee County Jail. Each motion alleges that the movant is not a governmental entity subject to being sued. See Whayne v. State of Kansas, 980 F.Supp. 387, 391 (D.Kan. 1997) (Topeka Police Department is a subunit of the city government and not a governmental entity subject to suit); Wright v. Wyandotte County Sheriff's Department, 963 F.Supp. 1029, 1034 (D.Kan. 1997) (Sheriff's Department is subunit of the County and is not itself capable of being sued); Lindenman v. Umscheid, 875 P.2d 964, 977 (Kan. 1994) (subordinate government agencies, in the absence of statutory authorization,

ordinarily do not have the capacity to sue or be sued).

Plaintiff has not responded to these motions other than to ask for additional time so that he may retain counsel and to ask the court for advice regarding how to proceed.  Plaintiff has been given two extensions of time to respond to the motions to dismiss and the court has declined to advise plaintiff regarding how to bring his action on the grounds that it would undermine this court's role as an impartial decisionmaker.

Upon review of this matter, the court finds that plaintiff has failed to make a timely response to the motions to dismiss.  Therefore, the motions may be treated as unopposed.  Under the local rules, absent a showing of excusable neglect, the motions to dismiss must be considered and decided as uncontested motions and ordinarily granted, when a litigant fails to file a timely response.  District of Kansas Local Rule 7.4.  In addition, the motions have merit on the basis of the cases cited previously in this order, as well as Pittman v. Kurtz, 165 F.Supp.2d 1243, 1247 (D.Kan. 2001) (Sedgwick County Jail is not an entity capable of being sued) and Biehl v. Salina Police Department, 2007 WL 2099911 (D.Kan.2007)(Salina Police Dept. is not an entity subject to suit).

For these reasons, the motions to dismiss shall be granted.

**IT IS SO ORDERED.**  Dated this 9th day of September, 2008 at Topeka, Kansas.

                                            s/Richard D. Rogers
                                            United States District Judge